

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

GLORIA PUMPHREY                :
ANGALYN JONES,                  :
                                 :

       *for themselves and on behalf of all*    :
       *similarly situated individuals*        :

               Plaintiffs,           :

v.                                  :

EXPERIAN INFORMATION SOLUTIONS, INC.   :
                                 :

              Defendant.         :

CIVIL ACTION NO.

3:11cv574

## CLASS COMPLAINT

COME NOW the Plaintiffs Gloria Pumphrey and Angalyn Jones, on behalf of themselves and all similarly situated individuals, and allege the following claims:

### INTRODUCTION

1.     This case is brought as a class action pursuant to the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), *et seq*, and the California Consumer Reporting Agencies Act, California Civil Code §1785.1, *et seq.* Individual claims are also brought for each of the Plaintiffs pursuant to the FCRA, 15 U.S.C. §1681i, for Experian's failure to comply with this subsection when processing their request for an investigation of inaccurate information in their credit files.

Plaintiffs each previously obtained one or more copies of their credit reports from Experian Information Solutions, Inc. (hereafter "Experian") and discovered that Experian was reporting an unpaid judgment against each of them. With regard to each of the Plaintiffs, this

report was inaccurate.  Plaintiffs had each satisfied their judgments long before their review of

their Experian files, and these notices of satisfactions had been on file with the various Courts for

months. Plaintiffs each then disputed the accuracy of these notations with Experian.  Experian

thereafter failed to conduct the investigation required by the FCRA and did not update these

judgments to reflect that they were no longer owed.

Plaintiffs contend that Experian violated the FCRA, 15 U.S.C. §1681e(b) by failing to

establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the Plaintiffs' credit reports, as well as the credit files that it maintains and

publishes with respect to each Plaintiff.  Plaintiffs Jones and Pumphrey each seek to represent a

class of similarly situated consumers with inaccurate Virginia judgments in their Experian files.

## JURISDICTION

2.  The Court has jurisdiction under the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1367

and 1331.

3.  Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) as each

of the Plaintiffs reside within the Richmond Division.

## PARTIES

4.  The Plaintiffs are each natural persons and "consumers" with rights set forth in the

Fair Credit Reporting Act.

5.  Experian Information Solutions, Inc. is an California corporation, doing business in

Virginia.  At all times relevant hereto, it was a consumer reporting agency governed by both the

Fair Credit Reporting Act and the California Consumer Reporting Agencies Act (hereafter, the

CCRAA).

## FACTS

6.     Plaintiff Pumphrey was sued by Capital One Bank in the General District Court for the City of Richmond on January 26, 2007.  Judgment was entered against her on March 26, 2007.  She thereafter satisfied the judgment in full, and the Notice of Satisfaction was recorded with the Clerk of Court on October 5, 2007.

7.     Plaintiff Jones was sued by Chesterfield Auto Finance, Inc. in the Chesterfield County General District Court on August 17, 2007.  Judgment was entered against her on March 27, 2008.  She thereafter satisfied the judgment in full, and the Notice of Satisfaction was recorded with the Clerk of Court on April 2, 2009.

9.     Following the entry of judgment against each Plaintiff, Experian caused its public records vendor(s) to obtain the records of the judgments for the purpose of placing a severely derogatory public record notation on the credit file of each Plaintiff indicating that each had suffered a judgment and had failed to satisfy it.

10.     The judgment notation on each Plaintiff's file was thereafter published to each and every entity that paid money to Experian for a copy of each Plaintiff's credit file.  Experian includes these judgment notations in its consumer files in large part because doing so assists its paying customers – Capital One and Chesterfield Auto Finance– in their efforts to collect on the judgments.

11.     Despite its diligence in obtaining the judgment records for the benefit of its customers, Experian failed to thereafter ensure that its public records vendor was obtaining notices of disposition to indicate what post-judgment events, if any, had occurred with regard to these judgments.

12.    Experian lacked the incentive to ensure that the records of judgment dispositions were obtained as aggressively as it obtained the records of the underlying judgments.  Upon information and belief, this is because once a consumer satisfies a judgment, or the judgment is vacated, dismissed or appealed, there is no longer any active sum of money owed to its paying customers, and Experian's function as a debt collector for that entity has effectively concluded.

13.    The reporting of these judgments by Experian was inaccurate and in violation of the FCRA, 15 U.S.C. §1681e(b) in that Experian failed to follow or maintain reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' credit reports and credit files that Experian maintained regarding the Plaintiffs.

14.    Experian furnished multiple consumer reports containing the inaccurate judgment notations concerning the Plaintiffs within the 5 year period preceding the filing date of this Complaint.

## CLASS ACTION ALLEGATIONS

15.    **The Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class (the "Class") initially defined as follows:

All natural persons for whom Experian's records note that a credit report was furnished to a third party who requested the credit report in connection with an application for credit, on or after September 1, 2009 to the present, at a time when any Virginia General District Court or Circuit Court judgment that had been satisfied, appealed, or vacated in the court file more than 30 days earlier was reported in Experian's file as remaining unpaid, and which persons suffered actual damages totalling less than $1,000 as a result of an erroneous report by Experian;

16. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiffs

allege that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

17. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

     a.     Whether Experian provided a consumer report that reported a judgment without first fully investigating the public records to determine if the judgment was satisfied, vacated, dismissed, or appealed;

     b.     Whether Experian knowingly and intentionally committed an act in conscious disregard of the rights of the consumer, or whether it did so recklessly;

     c.     Whether Experian's conduct constituted violations of the FCRA;

     d.     Whether injunctive and/or declaratory relief is appropriate pursuant to the CCRAA.

18. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

19. **Adequacy. FED. R. CIV. P. 23(a)(4)).** Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class each seeks to represent; each has retained counsel competent and experienced in such litigation; and they intend to prosecute this action vigorously. The interests

of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

20. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

21. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the class members, making injunctive and declaratory relief appropriate pursuant to the CCRAA.

**COUNT ONE: 15 U.S.C. §1681e(b)**
**FIRST CLASS CLAIM**

22. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

23. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding each of the named Plaintiffs and the putative class members.

25.  Defendant's conduct, actions and inaction was willful, rendering the Defendant liable for statutory and punitive damages, as well as attorneys fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## COUNT TWO: California Civil Code §1785.18
## SECOND CLASS CLAIM

26.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

27.     Experian violated California Civil Code §1785.18(a) in each consumer report that it published regarding the class members by failing to include the entity of the source from it obtained the public record judgment information, including, but not limited to its public records vendor(s).

28.     Without this information, consumers endeavoring to attempt to help correct the inaccurate public records information in their credit files would be directly only to the Clerk of each Virginia court – an exercise that would prove futile given that the information within that Court noting the satisfaction was correct.

29.     Experian intentionally hides from consumers that the public record information in their consumer reports is picked up (or not picked up) by a public records vendor.

30.     It is the vendor that is in the best position to update the consumer's files, but consumers are inaccurately informed that the only "furnishers" of credit information are the

Clerks of the various Virginia state courts.

31.     Upon information and belief, Experian hides this information from consumers so that its vendor will continue to provide services to them at lower contractual rates, rather than rates that account for the additional administrative overhead that the contractor incurs in its interactions with consumers seeking to correct their credit files.

32.     On behalf of themselves and the putative class members, the Plaintiffs seek a declaration that this omission is violative of the CCRAA.  Pursuant to California Civil Code §1785.31(b), they further seek an injunction prohibiting Experian from continuing to hide the identity of the public records vendor that provided each respective judgment notation from consumers, and affirmatively ordering Experian to explicitly provide the identity of each such entity within any credit file that it distributes in the future.

33.     On behalf of themselves and the putative class members, the Plaintiffs seek an award of punitive damages ranging between $100 to $5,000 per violation, as provided for by California Civil Code §1785.31(a)(2)(B).

## COUNT THREE: 15 U.S.C § 1681i(a)(1)
### (Plaintiff Jones only)

34.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

35.     Experian violated 15 U.S.C § 1681i(a)(1) by its conduct which includes but is not limited to failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

36.     As a result of Experian's conduct, actions, and inaction, the Plaintiff suffered

various types of damage as set forth herein, including specifically, the loss of potential credit opportunities, the loss of time and other frustration and aggravation associated with writing multiple dispute letters, tracking the status of her disputes, and monitoring her credit file.

37.     Experian's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

38.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT FOUR: 15 U.S.C §1681i(a)(2)
### (Plaintiff Jones only)

39.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

40.     Experian violated 15 U.S.C §1681i(a)(2) by its conduct which includes, but is not limited to, failing to send all relevant information that they received in Plaintiff's communications to its public records furnisher(s).

41.     As a result of Experian's conduct, actions, and inaction, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of potential credit opportunities, the loss of time and other frustration and aggravation associated with writing multiple dispute letters, tracking the status of her disputes, and monitoring her credit file.

42.     Experian's conduct, actions, and inaction were willful, rendering it liable for

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

### COUNT FIVE: 15 U.S.C §1681i(a)(4)
### (Plaintiff Jones only)

44.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

45.     Experian violated 15 U.S.C §1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

46.     As a result of Experian's conduct, actions, and inaction, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of potential credit opportunities, the loss of time and other frustration and aggravation associated with writing multiple dispute letters, tracking the status of her disputes, and monitoring her credit file.

47.      Experian's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## COUNT SIX: 15 U.S.C § 1681i(a)(5)
### (Plaintiff Jones only)

49.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

50.     Experian violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information which was the subject of Plaintiff's disputes and which was inaccurate or could not be verified.

51.     As a result of Experian's conduct, actions, and inaction, the Plaintiff suffered various types of damage as set forth herein, including specifically, the loss of potential credit opportunities, the loss of time and other frustration and aggravation associated with writing multiple dispute letters, tracking the status of her disputes, and monitoring her credit file.

52.     Experian's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

53.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and her attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiffs and the putative class members pray for relief as follows:

1.     an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiffs and their undersigned counsel of record to represent same;

2.     the creation of a common fund available to provide notice of and remedy Defendant's violations;

3.      statutory and punitive damages for the class claims;

4.      actual or statutory damages, and punitive damages for the individual claims;

5.      injunctive and declaratory relief as pled;

6.      attorneys fees, expenses and costs;

7.      pre-judgment and post-judgment interest as provided by law; and

8.      such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

GLORIA PUMPHREY
ANGALYN JONES,
for themselves and on behalf of all similarly
situated individuals.

By: _____
Of Counsel

Matthew J. Erausquin, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
(703) 273-7770
(888) 892-3512 facsimile
Email: matt@clalegal.com

Leonard A. Bennett, VSB#37523
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile
Email: lenbennett@clalegal.com

DALE W. PITTMAN, VSB #15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel:    (804) 861-6000
Fax:    (804) 861-3368
dale@pittmanlawoffice.com