# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| GLORIA PUMPHREY and ANGALYN JONES, for themselves and on behalf of all similarly situated individuals, | |
| Plaintiffs, | Civil Action No.:  3:11-CV-574 |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |

### MEMORANDUM OF LAW IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSAL OF PLAINTIFFS' CLASS ALLEGATIONS

## <u>INTRODUCTION</u>

In *Soutter v. Equifax Information Services, LLC*, 2012 WL 5992207, at *1 (4th Cir. Dec. 3, 2012), the Fourth Circuit decertified a class that was substantively identical to that alleged by Plaintiffs here. *See* Chart, *infra* at 9 (comparing class definitions). The Fourth Circuit concluded that "Soutter failed to show typicality under Rule 23(a)(3)" because 15 U.S.C. § 1681e(b) mandates an individualized analysis of (1) the source and date of the state court judgment, (2) proof of willfulness, and (3) the amount of statutory damages to award each putative class member. *Id.* at *3-*5. Notably, the Fourth Circuit explicitly rejected Soutter's argument— identical to Plaintiffs' allegation here (Compl. ¶ 18)—that she could "satisfy typicality simply by asserting a violation of § 1681e(b)." *Id.* at *4.

*Soutter* is consistent with a long line of cases from other jurisdictions. Indeed, to Experian's knowledge, no other court has ever certified a class seeking statutory damages under § 1681e(b) because *each* of the four statutory elements—(1) accuracy, (2) reasonableness, (3) willfulness, and (4) damages amount—require an individualized analysis. These precedents require dismissal of Plaintiffs' Fair Credit Reporting Act ("FCRA") class allegations as a matter of law.

Plaintiffs also purport to present class claims under the California Consumer Credit Reporting Agencies Act ("CCRAA"). That statute, however, requires Plaintiffs to have a California mailing address. *See* Cal. Civ. Code § 1785.6 ("The notices and disclosures to consumers provided for in this title shall be required to be made only to those consumers who have a mailing address in California."). Plaintiffs allege residence in the Eastern District of Virginia, not California. (Compl. ¶ 3.) Accordingly, this claim must also be dismissed on its face, because Plaintiffs are not even members of the proposed class.

1

*Soutter* and Cal. Civ. Code § 1785.6 are sufficient to justify dismissal.  But there is more.

Plaintiffs' complaint does not contain sufficient factual allegations to satisfy the remaining

requirements of Rule 23, including adequacy, commonality, and predominance and superiority.

Indeed, the class as defined by Plaintiffs is entirely unascertainable.

Adequacy is lacking because Plaintiff Jones avers that she suffered four types of actual

damages.  (Compl. ¶¶ 36, 41, 46, 51.)  Yet the class definition foregoes actual damages, instead

seeking statutory damages that are capped at $1,000.  Assuming, *arguendo*, that Plaintiff Jones's

claims are typical of the proposed class (as she claims), the potential class members have also

suffered at least four different types of actual damages, all of which are being waived.  Such a

conflict in remedial interests precludes adequacy as a matter of law.   *See Broussard v. Meineke*

*Discount Muffler Shops, Inc.*, 155 F.3d 331, 335 (4th Cir. 1998).

Plaintiffs' allegations fail to show commonality, because the purported "common

questions" in Plaintiffs' complaint will not produce common answers, as Rule 23(a)(2) requires.

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  For example, the question of

"[w]hether Experian provided a consumer report . . .  without first fully investigating the public

records", (Compl. ¶ 17), requires an individualized analysis of Experian's investigation of each

consumer report.

Where there is no commonality, *a fortiori*, there can be no predominance.  Moreover,

class litigation is not superior to individual claims under FCRA's remedial scheme, which

awards attorneys' fees and costs to successful claimants.  *Harper v. TransUnion, LLC*, 2006 WL

3762035, at *10 (E.D. Pa. Dec. 20, 2006).  Instead, class litigation is inferior because the threat

of disproportiate liabilty could force Experian settle and to forego meritorious defenses.  In

addition, experience demonstrates that the presentation of individual claims are feasible.  *See* Fed. R. Civ. P. 26(b)(3)(B).

Finally, and most troublingly, Plaintiffs' proposed class is entirely unascertainable.  Not only will court records fail to identify all potential class-members, but the subjective nature of the $1,000 actual damages limitation will also permit potential class members to self-select after the litigation has concluded.  Rule 23 does not permit such "one-way intervention."  *Byerson v. Equifax Info. Services LLC*, 2009 WL 82497, *2 (D.S.C. Jan. 9, 2009).

Plaintiffs' counsel has failed in seven attempts to plead a cognizable class.  Only five years ago, the same counsel admitted that class adjudication of § 1681e(b) claims was not possible.  *Williams v. LexisNexis Risk Mgmt., Inc.*, No. 3:06-cv-241, 2007 WL 2439463, at *4 (E.D. Va. Aug. 23, 2007).  Further attempts to plead a cognizable class would thus be futile.  For these reasons, as explained below, Experian respectfully requests the Court dismiss, with prejudice, Plaintiffs' class allegations.

## BACKGROUND

Plaintiffs allege that Experian willfully violated the FCRA and the CCRAA by inaccurately reporting as outstanding judgments entered against Plaintiffs in Virginia state courts, and failing to list the source of the judgment information.  (*See generally* Compl. ¶ 1.)  Plaintiffs assert these claims on behalf of themselves and a class of similarly situated individuals, defined as:

> All natural persons, for whom Experian's records note that a credit report was furnished to a third party who requested the credit report in connection with an application for credit in or after September 1, 2009 to the present, at a time when any Virginia General District Court or Circuit Court judgment that had been satisfied, appealed, or vacated in the court file more than 30 days earlier was reported in Experian's file as remaining unpaid, which persons suffered actual damages of less than $1,000 as a result of an erroneous report by Experian.

(Compl. ¶ 15.)  This motion tests the viability of Plaintiffs' class allegations in light of recent Fourth Circuit precedent.  (*Id.* at ¶¶ 15-21.) [1]

## **LEGAL STANDARD**

The party seeking class certification under Rule 23 bears the burden of demonstrating that his claims are appropriate for class treatment.  *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001).  This proof "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  However, "[s]ometimes the issues are plain enough from the pleadings."  *Id*.  In such instances, "a motion for judgment on the pleadings pursuant to Rule 12(c) is an appropriate mechanism by which to challenge the propriety of a putative class action."  *Salvant v. Murphy Oil USA, Inc.*, 2007 WL 2344912, at *1 (E.D. La. Aug. 13, 2007).

Motions for judgment on the pleadings pursuant to Rule 12(c) are evaluated under the same standard as a motion to dismiss under Rule 12(b).  *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009); *accord Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004).  In order to survive a motion under Rule 12(c), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id*., and a

---

[1]   As this Court is aware, Experian denies all the allegations of wrongdoing in Plaintiffs' Complaint.  *See generally* Def. Experian Information Solutions, Inc.'s Answer and Affirmative Defenses to Pls.' Class Compl. (Dkt. No. 7).

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

## ARGUMENT

Plaintiffs purport to present two class claims—one under FCRA, one under CCRAA. Plaintiffs, however, cannot state a claim under the CCRAA because, according to their complaint, they are not California residents.  (Compl. ¶ 3); *see* Cal. Civil Code § 1785.6 ("The notices and disclosures to consumers provided for in this title shall be required to be made only to those consumers who have a mailing address in California.").  Obviously, Plaintiffs cannot represent a class of which they are not members.  *See Weinberger v. Retain Credit Co.*, 498 F.2d 552, 556 (4th Cir. 1974) (where named plaintiff was "not a member of the class he seeks to represent," plaintiff did "not fulfill the first prerequisite of Fed. R. Civ. P. 23(a)").  The CCRAA class claim fails as a matter of law.

The FCRA § 1681e(b) class claim suffers similar defects; it is untenable as a matter of law.  The Fourth Circuit recently held that a substantively identical class claim could not satisfy Rule 23(a)(3)'s typicality requirement.  *Souter v. Equifax Information Services, LLC*, 2012 WL 5992207 (4th Cir. Dec. 3, 2012).  Indeed, Plaintiffs' complaint fails to satisfy *any* of the requirements of Rule 23(a) or 23(b).  Worse still, the class is entirely undefined.

Further, it is clear from the face of Plaintiffs' pleadings that their various damage claims are unsustainable as a class action.  There is no set of facts upon which this Court could base an order certifying Plaintiffs' proposed class.  Accordingly, Experian is entitled to dismissal of each of Plaintiffs' class claims.  And that dismissal should be with prejudice because Plaintiffs' counsel has now failed in *seven* different attempts to plead a cognizable class.

## I.      UNDER *SOUTTER*, PLAINTIFFS CANNOT ALLEGE TYPICALITY

Plaintiffs cannot demonstrate that their individual claims "are typical of the claims . . . of the class," as required by Rule 23(a)(3).  *Id.*; *see also Lienhart*, 255 F.3d at 146 ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members" (quoting *General Telephone*, 457 U.S. at 156 (internal quotation marks omitted))).  "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'"  *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (quoting *Broussard,* 155 F.3d at 340).

For this reason, "a comparison of the plaintiffs' claims or defenses with those of the absent class members" is required.  *Deiter*, 436 F.3d at 467.  The typicality analysis "begin[s] with a review of the elements of [the] plaintiff[s'] *prima facie* case and the facts on which the plaintiff would necessarily rely to prove it.  We then determine the extent to which those facts would also prove the claims of the absent class members." *Id.*

To establish a violation of § 1681e(b), which is the sole cognizable class claim asserted in this case, Plaintiffs must prove that (1) their consumer reports contained inaccurate information and (2) Experian failed to follow reasonable procedures to assure maximum possible accuracy. *See Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).  Moreover, in order to support a claim for statutory damages, Plaintiffs must show that Experian's actions were willful.  *See* 15 U.S.C. § 1681n(a)(1)(A).

A number of courts have analyzed and rejected putative § 1681e(b) class claims under this rubric.  For example, this Court concluded that § 1681e(b)'s first element—inaccuracy—prevents class adjudication.  "Asserting a § 1681e(b) claim for [an] entire class would render the class-action device useless . . . because it would require an assessment of whether or not each class member's report was, in fact, inaccurate." *Williams v. LexisNexis Risk Mgmt., Inc.*, No.

3:06-cv-241, 2007 WL 2439463, at *4 (E.D. Va. Aug. 23, 2007);[2] *see also Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Commercial Svcs., Inc.*, 537 F.3d 1184, 1194 (10th Cir. 2008) (affirming denial of class certification in § 1681e(b) case, where district court had reasoned that "the accuracy of each individual's [report], an essential element of a § 1681e(b) claim, required a particularized inquiry").

Regarding reasonableness, *Pendleton v. Trans Union System Corp.*, 76 F.R.D. 192 (E.D. Pa. 1977), denied certification of a class consisting of "all persons . . . who have been denied credit in the years 1975 and 1976, and who might be denied credit in the future, as a result of a consumer credit report issued by" Trans Union containing inaccurate information. *Id.* at 193-94. The court reasoned that, in order to establish liability, "a consumer who was denied credit must show that the denial was caused by inaccurate entries (which in turn were caused by the defendant's failure to use reasonable procedures) rather than by correct adverse entries or any other factors." *Id*. at 195. The *Pendleton* court rejected the argument Plaintiffs make here, that "the reasonableness of the defendant's procedures is an issue common to the class":

> While some of these issues probably are common to many members of the proposed classes, the plaintiffs have not established that any issue is common to all members of either proposed class. . . . Plaintiffs proposed classes in this case have no . . . restrictions enabling the Court to conclude that all class members are affected by a *particular practice*.

*Id.* (emphasis added); *see also Harper v. TransUnion, LLC*, 2006 WL 3762035, at *8 (E.D. Pa. Dec. 20, 2006) (holding that each element of § 1681e(b) claim, including the reasonableness of defendant's procedures, "will require highly individualized proofs as to the injuries suffered by the putative class members"); *cf. O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732,

---

[2] Notably, this passage of the *Williams* opinion is paraphrasing Plaintiffs' counsel in the instant litigation.  It is unclear why counsel has changed his views, although he must have done so in order for the instant complaint to comply with Rule 11.

742 (5th Cir. 2003) (denying class certification in Real Estate Settlement Procedures Act case when court would have to assess "reasonableness on a transaction-by-transaction basis").

Finally, a number of courts have concluded that a determination of willfulness necessary for statutory damages requires an examination of the totality of the circumstances of *each consumer's* interaction with the credit reporting agency. *See, e.g.*, *Gardner v. Equifax Information Servs., Inc.*, 2007 WL 2261688, at *8 (D. Minn. Aug. 6, 2007); *Barnett v. Experian Information Solutions*, 2004 WL 4032909, at *5 (E.D. Tex. Sept. 30, 2004). Such an individualized examination necessarily precludes class-wide adjudication.

Applying *Williams v. LexisNexis Risk Management, Inc.*, 2007 WL 2439463, at *4 (E.D. Va. Aug. 23, 2007), here, Plaintiffs cannot prove the first element of their claim—inaccuracy—on a group basis, through a simple comparison of data extracted from the Virginia Supreme Court and Experian databases. Extensive examination of individual court records and credit files would be required. Likewise, under *Pendleton v. Trans Union System Corp.*, 76 F.R.D. 192 (E.D. Pa. 1977), Plaintiffs cannot prove the second element of their claim—reasonableness—without consideration of each of the variant methods for filing and collecting judgments within Virginia's 260 state trial-level courts. Finally, as in *Gardner*, 2007 WL 2261688, and *Barnett*, 2004 WL 4032909, statutory damages cannot be awarded absent an individualized examination of each consumer's interactions with Experian. For example, if some class members did not "dispute[] the accuracy of these notations [of adverse judgments] with Experian," they would be unable to demonstrate willfulness in their case. (Compl. at ¶ 1.)

The Fourth Circuit's decision in *Soutter* is directly on point. Indeed, the *decertified* class in *Soutter* is substantively indistinguishable from Plaintiffs' class definition here (this overlap is not surprising, given that the same lawyers represented both sets of Plaintiffs):

| *Souter Class Definition* | *Pumphrey Class Definition* |
|---|---|
| All natural persons, for whom Equifax's records note that a credit report was furnished to a third party who requested the credit report in connection with an application for credit on or after February 17, 2008 to February 17, 2010, other than for an employment purpose, at a time when any Virginia General District Court or Circuit Court judgment that had been satisfied, appealed, or vacated in the court file more than 30 days earlier was reported in Equifax's file as remaining unpaid, which persons suffered actual damages of less than $1,000 as a result of a report by Equifax that did not accurately report that the judgment had been satisfied, appealed, or vacated. | All natural persons, for whom Experian's records note that a credit report was furnished to a third party who requested the credit report in connection with an application for credit in or after September 1, 2009 to the present, at a time when any Virginia General District Court or Circuit Court judgment that had been satisfied, appealed, or vacated in the court file more than 30 days earlier was reported in Experian's file as remaining unpaid, which persons suffered actual damages of less than $1,000 as a result of an erroneous report by Experian. |

The fact that the Fourth Circuit decertified the *Souter* class thus confirms that Plaintiffs' class claims cannot be maintained here.

The Fourth Circuit provided three reasons for its decertification. *First*, as in *Pendleton*, the procedures used to collect judgments from the General District Court differ from those used for Circuit Courts. Plaintiffs allege no facts that would support an inference that Experian used identical judgment collection and review procedures for each of Virginia's 260 trial-level courts. *See Souter*, 2012 WL 5992207, at *4 ("Proof that [Experian's] behavior was unreasonable because of the manner in which [its vendor] collected data from the Richmond General District Court in [Pumphrey's] case does not 'advance' the claim of a class member whose judgment was from a circuit court in 2010."). Thus, Plaintiffs cannot represent Circuit Court claimants, and their class claims should be dismissed.

*Second*, as in *Gardner* and *Barnett*, the Fourth Circuit noted the individualized nature of the willfulness inquiry. Indeed, to demonstrate willfulness, the *Souter* plaintiff alleged that Equifax had failed to respond appropriately to notifications about the inaccurate information. But "[p]roof that Equifax's conduct was willful toward Souter because she sent letters in

advance informing Equifax that the case against her was dismissed will not advance the claims

of other class members." *Id.* at *5.  For the same reason, Plaintiffs—who likewise rely on

personal communications with Experian (Compl. ¶ 1)—cannot seek statutory damages on behalf

of a class.

*Third*, even if class-wide adjudication of *liability* for statutory damages were possible,

*Soutter* concluded that calculation of the *amount* of such damages would not be feasible in a

class setting.  "*See Stillmock v. Weis Markets, Inc.*, 385 Fed. App'x 267, 277 (4th Cir. 2010),

(Wilkinson, J. concurring) (noting "because statutory damages are intended to address harms that

are small or difficult to quantify, evidence about *particular* class members is highly relevant to a

jury charged with this task")."  *Soutter*, 2012 WL 5992207, at *5 (emphasis added).

*Soutter* governs.  Earlier in this case, the Court twice found that *Soutter* raised

"substantial issues . . . that will affect the outcome of the matter presently before the Court."

(Dkt. Nos. 17, 21.)  Now, given the Fourth Circuit's decertification of the *Soutter* class,

Plaintiffs' identical class claims must be dismissed.

## II. PLAINTIFFS CANNOT PLAUSIBLY PLEAD ADEQUACY, COMMONALITY, PREDOMINANCE, OR SUPERIORITY.

Typicality is not the only prerequisite to class adjudication.  "To be certified, a proposed

class must satisfy [each subpart of] Rule 23(a) and one of the three subparts of Rule 23(b)."

*Thorn*, 445 F.3d at 318.  Here, Plaintiffs have failed to present plausible allegations of adequacy

under Rule 23(a)(4), commonality under Rule 23(a)(2), or predominance and superiority under

Rule 23(b)(3).  Each of these failures independently mandates dismissal.

### A. The $1,000 Statutory Damages Limitation Prevents Adequacy

Plaintiffs' proposed damages limitation for the class precludes adequacy under Rule

23(a)(4).  "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest

between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). "[B]asic due process requires" that Plaintiffs "possess undivided loyalties to absent class members" to be an adequate class representative. *Broussard*, 155 F.3d at 335.

Here, Plaintiff Jones has a conflict in remedial interests with the class. Specifically, the complaint alleges that Jones has suffered actual damages. (Compl. ¶¶ 36, 41, 46, 51 (alleging "various types of damage . . ., including specifically, the loss of credit opportunities, the loss of time and other frustration and aggravation associated with writing multiple dispute letters, tracking the status of her disputes, and monitoring her credit file").) She has nonetheless elected to forego claiming actual damages in pursuing statutory damages.

Certainly, in an individual action, a Plaintiff can choose what remedies to pursue. But as a proposed class representative, Plaintiff Jones must act in the best interests of the entire proposed class. Assuming, *arguendo*, that Plaintiff Jones's claims are typical of the proposed class (as she claims), the potential class members have also suffered at least four different types of actual damages, all of which are being waived by the election to pursue only statutory damages. Such a "conflict in remedial interests" renders representation inadequate under Rule 23(a)(4). *Broussard*, 155 F.3d at 339.[3]

---

[3] An absent class member's right to opt out does not remove this defect, because adequacy must be ascertained, and the class certified, prior to any opt out right being triggered. *Colindreas v. QuietFlex*, 235 F.R.D. 347, 376 (S.D. Tex. 2006) ("Providing class members notice and opt-out opportunity may alert class members that they can pursue individual damages claims, but are not a substitute for the adequate, conflict-free representation required under Rule 23(a)(4)."). If an inadequate and atypical named plaintiff is permitted to represent a class on the assumption that members whose interests she cannot (or refuses to) represent will opt out, then "any person would be an adequate representative of a proposed class so long as there was an opt-out procedure, and there would be no need for an adequacy requirement." *Gardner v. Equifax Info. Servs., LLC*, 2007 WL 2261688, at *6 (D. Minn. Aug. 6, 2007).

### B.       The Individualized Accuracy, Reasonableness, Willfulness, and Damages Inquiries Preclude Commonality

Plaintiffs have not pled, and cannot plead, commonality under Rule 23(a)(2) for the same reasons as the class allegations fail the typicality requirement of Rule 23(a)(3).  The overlap between the commonality and typicality requirements is not surprising.  Though presented as separate and distinct factors, in practice, Rule 23(a)'s requirements "tend to merge, with commonality and typicality serv[ing] as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Lienhart*, 255 F.3d at 147 (quoting *Broussard*, 155 F.3d at 337) (internal quotations omitted).

Rule 23(a)(2) requires "questions of law or fact common to the class."  *Id.*  The Supreme Court recently clarified, however, that the focus of the rule is not on common *questions*, but on common *answers*:  "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted).

Here, Plaintiffs have identified three potential common questions under the FCRA:

1.  Whether Experian provided a consumer report that reported a judgment without first fully investigating the public records to determine if the judgment was satisfied, vacated, dismissed or appealed;

2.  Whether Experian knowingly and intentionally committed an act in conscious disregard of the rights of the consumer, or whether it did so recklessly; [and]

3.  Whether Experian's conduct constituted a violations of the FCRA[.]

(Compl. ¶ 17.)

The last question cannot suffice to establish commonality. *See Wal-Mart*, 131 S. Ct. at 2551 (Commonality "does not mean merely that [Plaintiffs] have all suffered a violation of the same provision of law."); *cf. Souter*, 2012 WL 5992207, at *5 ("Souter cannot satisfy typicality simply by asserting a violation of § 1681e(b).").

And while the first two *questions* may be common, their very phrasing dictates that the *answers* will be individual. Specifically, the first question requires an individualized assessment of Experian's investigation with respect to each credit report, as *Williams* recognized. And the second requires consideration of each act committed by Experian, as in *Pendleton*. Because Plaintiffs' allegations cannot produce common answers, they have failed to satisfy Rule 23(a)(2).

## C. Without Commonality, There Can Be No Predominance, and FCRA's Remedial Scheme Weighs Against Superiority

Even if Plaintiffs had somehow satisfied all the requirements of Rule 23(a), the class allegations would still fail. Plaintiffs cannot allege facts sufficient to show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).[4]

The test for predominance "is 'far more demanding' than Rule 23(a)'s commonality requirement and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004). Given

---

[4] In the alternative, Plaintiffs' class complaint alleges satisfaction of Rule 23(b)(2) based on the CCRAA claim for injunctive relief. But even if the CCRAA did not fail for want of a California resident, as explained above, Rule 23(b)(2) still could not apply because Plaintiffs also seek punitive damages under the CCRAA. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. . . . [I]t does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart*, 131 S. Ct. at 2557. Here, for the reasons explained in *Soutter*, the award of punitive damages within the range set by the CCRAA is necessarily individualized, and therefore outside of the realm of Rule 23(b)(2).

that Plaintiffs have not alleged any common questions with common answers, *a fortiori*, they cannot satisfy the predominance requirement.

"The superiority requirement ensures that 'a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'" *Thorn v. Jefferson Pilot Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (quoting Fed. R. Civ. P. 23(b)(3)). For at least four reasons, Plaintiffs cannot satisfy the superiority requirement here.

*First*, FCRA's remedial scheme—including providing for attorneys' fees—provides sufficient incentives for individual actions. Specifically, the availability of attorneys' fees for the successful plaintiff means that the case can never be a "negative value" case, which in turn justifies the case proceeding individually. *See, e.g., Harper*, 2006 WL 3762035, *10 ("I am … persuaded by Defendants' argument that the FCRA, by providing for the award of attorneys' fees, already provides an incentive for the putative class members to bring individual claims."); *Anderson v. Capital One Bank*, 224 F.R.D. 444, 451 (W.D. Wis. 2004) (holding that a "class action is not necessary to give injured parties an opportunity for relief that would be too expensive to obtain if they were limited to individual suits" because "their suits are essentially costless because they are entitled to an award of attorney fees and costs they incur in bringing suit"); *Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478, 490 (S.D. Ga. 2006) (class certification unnecessary, as "the statutory provision entitling a plaintiff to recover costs and attorney's fees, should provide sufficient motivation for individual adversely affected plaintiffs to bring suit"); *cf. Thorn*, 445 F.3d at 328 & n.20 (specifically approving district court's factual finding "that, based in part because of the lure of attorney's fees, denial of the certification motion is no

impediment to resolution of the Appellants' complaint or the complaint of anyone similarly situated").[5]

*Second*, class-wide adjudication would unfairly threaten Experian with disproportionate liability.  Permitting certification would threaten "corporate death by a thousand cuts through Rule 23."  *Stillmock*, 385 F. App'x at 276 (Wilkinson, J., concurring); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 476 (1978) ("Certification of a large class may so increase the defendant's potential damages liability and litigation costs that he may find it economically prudent to settle and to abandon a meritorious defense."); *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 (11th Cir. 2003) (doubting whether plaintiff could demonstrate superiority when "defendants' potential liability would be enormous and completely out of proportion to any harm suffered by the plaintiff").

*Third*, there has already been individual litigation of the same type of claims presented here.  *See* Fed. R. Civ. P. 23(b)(3)(B) (encouraging consideration of "the extent and nature of any litigation concerning the controversy already begun by or against class members").  Specifically, the *Souter* plaintiff sued, and settled with, Experian on an individual basis.  *See Souter v. Experian Information Solutions, Inc.*, No. 3:09-cv-695 (E.D. Va.).  And there is at least one other individual case filed in Virginia that makes these allegations.  In *Janice and Kevin Holloway v. Sterling Church St. Furniture P'ship*, Case No. CL09-5897 (Cir. Ct. for City of Norfolk, filed Sept. 15,2009), Ms. Holloway alleges that a default judgment was entered against her by the Virginia Beach General District Court on October 4, 2006, which was then vacated on

---

[5] In *Stillmock*, the Fourth Circuit concluded that the availability of attorneys' fees, standing alone, was insufficient to preclude superiority.  385 F. App'x at 274-75.  That case is, however, unpublished and contrary to the published and binding guidance in *Thorn*.  Moreover, unlike the defendant in *Stillmock*, Experian here offers several additional reasons for finding individual litigation superior.

October 13, 2006.  *Id.* ¶¶ 7-8.[6]  According to the complaint, Ms. Holloway "made several attempts, by contacting the General District Court, to have the correction made, but all to no avail." *Id.* ¶ 10.  Among the defendants she sued is Equifax, which allegedly erroneously reported the judgment on her credit file.  Her complaint seeks "[c]ompensatory damages from Equifax in the amount of $80,000" and "[p]unitive damages against Equifax in the amount of $90,000." *Id.*

*Finally*, because the FCRA creates a bifurcated remedial scheme with a choice between actual or statutory damages, each class member has a strong "interest[] in individually controlling the prosecution or defense of separate actions." Fed. R. Civ. P. 23(b)(3)(A).  Indeed, this is the precise reason why Plaintiff Jones is not adequate to represent the class.  *See supra*, at § II.A.

* * * * * *

In short, the individualized nature of the inquiries necessary to establish liability under § 1681e(b) preclude class treatment as a matter of law, as Plaintiffs' counsel previously recognized.  *Williams v. LexisNexis Risk Mgmt., Inc.*, No. 3:06-cv-241, 2007 WL 2439463, at *4 (E.D. Va. Aug. 23, 2007).  Indeed, Experian is unaware of any court that has certified a § 1681e(b) class other than *Souter*, where the certification was promptly reversed.  The unavailability of class adjudication is not a concern, given FCRA's remedial scheme.  *Cf. AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1753 (2011) (concluding that arbitration agreement that set minimum amount of damages and promised successful claimants twice their attorney's fees provided "incentive for the individual prosecution of meritorious claims" and thus

---

[6] These dates would fall outside the class period alleged in Plaintiffs' complaint. Nonetheless, *Holloway* demonstrates that substantively identical claims can be litigated individually.

made class treatment unnecessary).  For these reasons, the Court should dismiss Plaintiffs' class allegations with prejudice.

### III.   PLAINTIFFS' PROPOSED CLASS IS NEITHER DEFINED NOR ASCERTAINABLE

In addition to the prescriptions of Rule 23, there is a yet more basic, unwritten rule governing all class litigation—that the proposed class be defined and ascertainable.  "Although not specifically mentioned in the rule, the definition of the class is an essential prerequisite to maintaining a class action." *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976); *see also, e.g.*, *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (holding that it is "elementary" that, "in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable").  Ascertainability is necessary in order to permit Rule 26(b)(3)'s opt-out provisions to function.  *Cendant, Inc. v. DHL Express (USA), Inc.*, 2010 WL 3397501, *5 (S.D. Ohio Aug. 25, 2010).

Plaintiffs' class fails the ascertainability requirement for two reasons.  *First*, the determination of whether a "judgment . . . had been satisfied . . . *in the court file*," (Compl. ¶ 15 (emphasis added)), will require a painstaking review of each court file within 260 different courts for every potential class member.  Such an inefficient process defeats the very purpose of class litigation.  *See Kirkman v. N.C. R.R. Co.*, 220 F.R.D. 49, 53 (M.D.N.C. 2004) (denying class certification: "While the Court would eventually be able to ascertain potential class members through detailed title searches, this task is simply not administratively feasible given the number of potential members across more than 300 miles of land."); *see also Mann v. TD Bank, N.A.*, 2010 WL 4226526, *1 (D.N.J. Oct. 20, 2010) (class certification denied where "there is no feasible way to determine class membership").

*Second*, the restriction of membership to those individuals who "suffered actual damages totalling [sic] less than $1,000" is inherently subjective and demands an extensive factual inquiry.[7]  In essence, potential class members could adopt a wait-and-see attitude.  If Plaintiffs succeed, absent class members could take the position that they *lack* actual damages over $1,000 and so are entitled to the benefits of the judgment.  But if Plaintiffs' fail, the same absent class members could assert that they *have* actual damages over $1,000, and so did not need to opt-out in order to avoid the burden of the judgment.  Courts have rejected subjective and fact-specific class definitions precisely in order to avoid the problems of such "one-way intervention." *Byerson v. Equifax Info. Services LLC*, 2009 WL 82497, *2 (D.S.C. Jan. 9, 2009) (Individuals "are not allowed to sit idly by, watch what happens, and then make a tactical decision to secure the benefits of … the class action."); *see also, e.g.*, *Cuming v. S.C. Lottery Comm'n*, 2008 WL 906705, at *1 (D.S.C. Mar. 31, 2008) ("The proposed class definition must not depend on subjective criteria or the merits of the case or require an extensive factual inquiry to determine who is a class member."); *In re GM Corp. "Piston Slap" Prod. Liability Lit.*, 2006 WL 1049259, at *6 (W.D. Okla. Apr. 19, 2006) (denying certification where "individualized, somewhat subjective determinations" were required "to decide membership" (quoting *Luedke v. Delta Airlines, Inc.*, 155 B.R. 327, 332 (S.D.N.Y. 1993))); *Dumas v. Albers Med., Inc*, 2005 WL 2172030, at *6 (W.D. Mo. Sept. 7, 2005) (certification denied where it was "likely that a substantial number of proposed class members would not know, and indeed would have no way of knowing, whether they were members of the class").

---

[7] Of course, removing this element would further undermine the commonality of the class and heighten the individualized nature of the damages inquiry.  Thus, Plaintiff cannot simultaneously satisfy the ascertainability and predominance requirements, further demonstrating that class adjudication is infeasible.

## IV.   DISMISSAL WITH PREJUDICE IS APPROPRIATE BECAUSE AMENDMENT WOULD BE FUTILE

No doubt Plaintiffs will request leave to replead in light of *Soutter*.  As a general rule, leave to amend should be liberally granted.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  But *Soutter* itself recounts the six different attempts by Plaintiffs' counsel to plead a cognizable class. 2012 WL 5992207, at *2.  Each failed.  This alone weighs in favor of a dismissal with prejudice. *Long v. Teradata Corp.*, 2012 BL 316358, at *5 (E.D. Va. Dec. 4, 2012) ("As this is Plaintiff's third overall attempt to state his claims, and given that his allegations remain inadequate despite the previously opportunity to amend them, the Court concludes that dismissal should be with prejudice.").  Moreover, as set forth above, amendment would be futile because each element of a § 1681e(b) claim requires individualized analysis, so such claims are simply not amenable to class treatment.  *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming dismissal with prejudice where "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability.").  Therefore, the dismissal of Plaintiffs' class allegations should be with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Experian respectfully requests that this Court grant its motion for judgment on the pleadings and dismiss Plaintiffs' class allegations with prejudice.

Dated: December 12, 2012          **EXPERIAN INFORMATION SOLUTIONS, INC.**


By   _/s/ Joseph W. Clark_____

Daniel J. McLoon (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 243 – 2580
Fax:  (213) 243 – 2539
E-mail: djmcloon@jonesday.com

Joseph W. Clark (VSB No. 42664)
Mark R. Lentz (VSB No. 77755)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
E-mail: jwclark@jonesday.com
E-mail:  mrlentz@jonesday.com

*Attorneys for Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7700
Fax: (888) 892-3512
Email: matt@clalegal.com

Leonard A. Bennett
Consumer Litigation Associations, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Tel: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel: (804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

*Counsel for Plaintiffs*
*Gloria Pumphrey and Angalyn Jones*

      /s/ Mark R. Lentz
      **Mark R. Lentz**