UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GLORIA PUMPHREY and ANGALYN JONES, *for themselves and on behalf of all similarly situated individuals*, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, LLC <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:11cv574 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**UNOBJECTED MOTION FOR ENLARGEMENT OF TIME**

COME NOW the Plaintiffs, by counsel, and move the Court to enlarge the deadline within which to respond to the Defendant's Rule 12(c) Motion for Judgment on the Pleadings and Dismissal of Plaintiffs' Class Allegations (Docket No. 24).

Defendant's counsel has represented that it will not object to this motion.

In support of their motion, Plaintiffs state as follows:

Under Rule 6(b)(2), once a deadline has expired, the court may extend the time period upon motion where the failure to act was "the result of excusable neglect." This rule has been interpreted to require the moving party to show "a demonstration of good faith . . . and some reasonable basis for noncompliance within the time specified in the rules." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1165 (3d ed. 2002). The decision whether to allow a late filing or extend a time period under Rule 6(b) is an equitable one, and the factors to be considered include: the danger of prejudice to the nonmovant, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant

acted in good faith. *U.S. ex rel. Shaw Env't, Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528-29 (E.D. Va. 2005) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

On April 18, 2012, this case was stayed pending the outcome of *Soutter v. Equifax Information Services, LLC*, No. 11-168 in the U.S. Court of Appeals for the Fourth Circuit (Docket No. 17). This Court held that there were substantial issues to be addressed in *Soutter* that would affect the outcome of the current case. *Id.* The Fourth Circuit rendered its opinion on the *Soutter* case on December 3, 2012 and the stay was lifted on the current case on December 4, 2012 (Docket No. 22). The Defendant filed its Rule 12(c) Motion for Judgment on the Pleadings and Dismissal of Plaintiffs' Class Allegations on December 12, 2012. Plaintiffs' response to the Defendant's motion was due December 26, 2012.

However, Plaintiffs' counsel erred in mis-calendaring deadline over the holiday schedule. Both offices had several employees that were traveling out of town, including most attorney staff. Additionally, there was a calendar-syncing malfunction on one attorney's computer so that he was not aware of the Deadline. Plaintiffs have acted in good faith - upon return from Christmas travel and realizing the deadline had passed, Plaintiffs' counsel immediately made a good faith effort to work with the Defendant to seek an enlargement of time in which to respond to the Motion. Defendant's counsel indicated that it would not affirmatively oppose Plaintiffs' Motion for Enlargement (See Ex. A). Furthermore, the extension sought by the Plaintiffs will not prejudice the Defendant, nor would it significantly impact the judicial proceedings, as the extension sought is for only a week and Plaintiffs would consent to a similar extension for the Defendants to respond to Plaintiffs' Motion for Leave to File Amended Complaint.

In addition to the filing of a Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings, Plaintiffs will seek to file an amended complaint that will address the decision rendered from the Fourth Circuit in the *Soutter* case. Plaintiffs' counsel believes that this case meets the criteria required to file an amended complaint. Pursuant to Fed. R. Civ. P. 15(a), "a party may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  As the Supreme Court of the United States has declared, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Foman*, the Supreme Court listed factors that the district court should consider in deciding whether to grant leave to amend:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* (citation omitted).

The Fourth Circuit has found that "[W]hile Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the *only* legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added). Additionally, this Court has consistently decided similar issues in the spirit of Rule 15(a) and has applied it liberally.

The Defendant would not be prejudiced if the Court were to permit the filing of the Amended Complaint as no significant deadlines have passed in this case and discovery is still

open. Regardless, the party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Furthermore, the Amended Complaint would neither be futile, nor sought after an undue delay and the Plaintiffs have not acted in bad faith. As discussed above, the stay in this case was only lifted on December 4, 2012 in light of the Fourth Circuit's decision on the *Soutter* case, released on December 3, 2012. Plaintiffs now seek to amend their Complaint to address the issues addressed in the *Soutter*. This amendment would be neither futile nor has there been any "undue" delay in that it was obtained by bad faith on the part of Plaintiffs or with unfair prejudice to the Defendant. As explained previously, this case is in the early stages of litigation and the Defendant would not be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence."

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant their Motion for an Enlargement of Time within which to respond to the Defendant's Motion for Judgment on the Pleadings (Docket No. 24) until January 4, 2013.

                        Respectfully submitted,
                        **GLORIA PUMPHREY and**
                        **ANGALYN JONES,**
                        for themselves and on behalf of all similarly
                        situated individuals

                        By: _____/s/_____
                             Of Counsel

LEONARD A. BENNETT, VSB No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Tel:   (757) 930-3660
Fax:  (757) 930-3662

lenbennett@clalegal.com


MATTHEW J. ERAUSQUIN, VSB No. 65434
JANELLE E. MASON, VSB No. 82389
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7700
Fax:   (888) 892-3512
matt@clalegal.com
janelle@clalegal.com

DALE W. PITTMAN, VSB No. 15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel:   (804) 861-6000
Fax:   (804) 861-3368
dale@pittmanlawoffice.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 28th day of December, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joseph W. Clark
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Tel:    202-879-3697
Fax:   202-626-1700
jwclark@jonesday.com

Daniel J. McLoon
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Tel:    213-243-2580
Fax:   213-243-2539
djmcloon@jonesday.com

*Counsel for the Defendant*

                                                /s/
                                    Leonard A. Bennett, VSB No. 37523
                                    *Counsel for the Plaintiffs*
                                    CONSUMER LITIGATION ASSOCIATES, P.C.
                                    763 J Clyde Morris Boulevard, Suite 1A
                                    Newport News, VA 23601
                                    Tel:    (757) 930-3660
                                    Fax:   (757) 930-3662
                                    lenbennett@clalegal.com