UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **GLORIA PUMPHREY and ANGALYN JONES**, for themselves and on behalf of all similarly situated individuals,<br><br>       **Plaintiffs,**<br><br>       v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>       **Defendant.** | Civil Action No.:  3:11-CV-574-JAG |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS**

Experian Information Solutions, Inc. ("Experian") respectfully submits this brief in opposition to Plaintiffs' motion to voluntarily dismiss its complaint. The timing of Plaintiffs' motion—filed in lieu of a reply in support of their subsequently-withdrawn motion to amend—gives rise to a clear inference that Plaintiffs are simply trying to avoid an expected adverse result.

Accordingly, Experian requests that the Court rule on its long-pending Rule 12(c) motion, and dismiss the class claims on their merits. *See Nesari v. Taylor*, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011) ("The Fourth Circuit has specifically held that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result . . . ." (citing *Skinner v. First Am. Bank of Va.*, 64 F.3d 659, 1995 WL 507264, at *2 (4th Cir. 1995) (table)); *Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir. 1987))).

In the absence of a dismissal on the merits, only a dismissal with terms sufficient to mitigate Experian's prejudice should be considered.

## **INTRODUCTION**

More than two months, and five briefs, after the Fourth Circuit decided *Soutter v. Equifax Information Services, LLC*, 2012 WL 5992207, at *1 (4th Cir. Dec. 3, 2012) (*Soutter-Equifax*), Plaintiffs finally admit that the decision requires reevaluation of their claims. (Dkt. No. 44 at 5.)

Experian informed Plaintiffs of this fact soon after *Soutter-Equifax* was decided, requesting dismissal at that time. (Exh. A.) Plaintiffs refused, requiring Experian to expend significant time and effort in moving to dismiss. (Dkt. No. 2)

Even a month after *Soutter-Equifax*, Plaintiffs still would not acknowledge the effect of that decision, instead opposing dismissal and moving to amend their claims to allege the precise class rejected in *Soutter*. (Dkt. Nos. 31, 33.) Again, Experian spent significant time and money responding to both filings, one of which Plaintiffs have now withdrawn. (Dkt. Nos. 35, 37.)

Nor is this the first putative class action challenging Experian's reporting of Virginia state court judgments. That honor belongs to *Soutter v. Experian Information Solutions, Inc.*, No. 3:09-cv-00695-HEH (E.D. Va.) ("*Soutter-Experian*")—another class action that Plaintiffs' counsel voluntarily dismissed. And Plaintiffs' counsel promises a third yet to come.

Permitting a voluntary dismissal at this late date will clearly result in harm to Experian. Five factors indicate the extent of that harm, which weighs in favor of dismissal on the merits, as requested in Experian's Rule 12(c) motion, or at least a dismissal with terms:

- Experian has expended significant effort defending both this case and *Soutter-Experian* (p. 7-8);

- Plaintiffs delayed acknowledging the effect of *Soutter-Equifax* for two months, during which time Experian incurred additional expense and prejudice (p. 9-10);

- Plaintiffs explanation of their need for dismissal contradicts their previous filings, suggesting it is only an attempt to avoid an expected adverse ruling (p. 10-11);

- Dispositive motions are pending with the Court (p. 11-12); and

- The mitigation of the effects of a voluntarily dismissal generally provided by the Federal Rules in other cases is not available to Experian here (p. 12-14).

Plaintiff's motion should be denied, and their case dismissed on the merits. Only if the Court does not dismiss Plaintiffs' case on the merits should Plaintiffs' motion should be granted, subject to the condition that they pay Experian's costs and fees. An award of costs and fees—a "common require[ment] . . . under Rule 41(a)(2)"—would at least begin to mitigate the prejudice to Experian. *McLaughlin v. Chesire*, 676 F.2d 855, 857 (D.C. Cir. 1982); *see generally infra*, p. 7 n.1.

## BACKGROUND

On November 4, 2009, Plaintiffs' counsel filed the first putative class action in this District challenging Experian's reporting of Virginia state court judgments. *See Soutter-Experian*, Dkt. No. 1. In that case, the Plaintiff sought to represent "[a]ll consumers for who

Experian furnished a consumer report which reported a judgment in the Richmond General District Court as unpaid that was either set aside, vacated, or appealed or dismissed [sic] with prejudice prior to the date of this reporting." *Id.* at ¶ 17.

Experian answered the *Soutter-Experian* complaint, denying the allegations after a reasonable investigation. *Id.*, Dkt. No. 8; *see also* Exh. A. Experian attended the initial pretrial conference and provided its initial disclosures. *Soutter-Experian*, Dkt. No. 11; *see also* Exh. A. Nonetheless, Experian ultimately offered to settle the matter rather than engage in protracted litigation. *See* Exh. A. As part of the settlement, Plaintiff dismissed her claims with prejudice and the class claim without prejudice. *Soutter-Experian*, Dkt. No. 13.

Settling *Soutter-Experian* soon proved, however, to be a Pyrrhic victory. On September 1, 2011, Soutter's counsel filed the currently operative class complaint on behalf of Plaintiffs here, again challenging Experian's reporting of Virginia state court judgments. (Dkt. No. 1.) Notably, Plaintiff Pumphrey was a member of the putative *Soutter-Experian* class. (*See id.* at ¶ 6.)

After Experian answered and the parties exchanged initial disclosures, at the urging of Plaintiffs' counsel, this court stayed further proceedings pending the Fourth Circuit's resolution of an appeal in a case asserting nearly identical claims against another credit reporting agency, Equifax. (Dkt. No. 17.) The Fourth Circuit resolved Equifax's appeal on December 3, 2012. Reversing class certification, the court "agree[d] with Equifax that Soutter failed to show typicality under Rule 23(a)(3)." *Soutter-Equifax*, 2012 WL 5992207, at *4.

Following *Soutter-Equifax*, counsel for Experian contacted Plaintiffs' counsel and requested dismissal of the class allegations in this case. *See* Exh. A. Plaintiffs' counsel refused. Experian was thus obligated to undertake the time and expense of preparing a motion,

3

contending that the class allegations here suffered from the same defects recognized by the Fourth Circuit in *Soutter-Equifax*. (Dkt. No. 24.)

Plaintiffs missed the deadline to respond to Experian's motion. (*See* Dkt. No. 28.) In moving for an extension of time to respond, Plaintiffs represented that they also "will seek to file an amended complaint that will address the decision rendered from the Fourth Circuit in the *Soutter*[*-Equifax*] case." (*Id.* at 3; *see also id.* at 4 ("Plaintiffs now seek to amend their Complaint to address the issues addressed in *Soutter*.").)

A week later, Plaintiffs did respond by conceding the defects in the proposed class and requesting amendment. (Dkt. Nos. 31, 32.) As promised in the extension motion, Plaintiffs claimed that the proposed amended complaint addressed the Fourth Circuit's opinion in *Soutter-Equifax*. (Dkt. No. 33 at 2 ("Plaintiffs are now seeking to amend their complaint based on certain elements of the Fourth Circuit's decision."); *id.* at 4 ("Based on elements of the Fourth Circuit's decision relating to the temporal limitations of the proposed class(es), Plaintiffs now seek to amend their Complaint to more clearly define these periods."); Dkt. No. 31 at 2 ("[T]he present class definition and formulations in the Complaint . . . . should be modified to reflect the explanation by the Fourth Circuit as to its one bases for its reversal [sic] of this Court's certification of the class."); *id.* at 10 ("[I]n Plaintiffs' proposed amended complaint, they have proposed a narrowed sub-class definition to fit within the *Soutter*[*-Equifax*] typicality structure outlined by the Court of Appeals.").)

Experian timely opposed amendment, noting that the amended complaint still alleged precisely the same class rejected in *Soutter-Equifax*. (Dkt. 37 at 15.) Experian also noted that amendment would prejudice Experian by eliminating a viable statute of limitations defense. (*Id.* at 17-18.)

4

Following two extensions of time for filing a reply (Dkt. Nos. 39, 42), Plaintiffs still did not reply. Instead, they filed the instant motion to voluntarily dismiss, seeking a further extension of time in case their motion is denied. (Dkt. No. 44 at 2.) Four days later, Plaintiffs withdrew their motion to amend. (Dkt. No. 45.)

## LEGAL STANDARD

Rule 41(a)(2) provides that, once a defendant has answered, a district court shall not dismiss an action at the plaintiff's insistence, except "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 376 (noting that the rule "was designed to curb abuses of the[] nonsuit rules"). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

"The primary purpose of Rule 41(a)(2) is [1] to prevent voluntary dismissals which unfairly affect the other side, and [2] to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (internal quotation marks and citation omitted). Fourth Circuit law clearly reflects these two purposes. In *Anders v. Versant Corp.*, 788 F.2d 1033 (4th Cir. 1986), the court held that Rule 41(a)(2) motions should only be granted "absent *substantial* prejudice to the defendant." *Id.* at 1036 (emphasis added). For lesser forms of prejudice, district courts can "impose conditions on voluntary dismissal to obviate *any* prejudice to the defendants which may otherwise result." *Davis*, 819 F.2d at 1273 (emphasis added).

This Court has identified four "general factors as relevant to the prejudice issue":
1. [T]he opposing party's effort and expense in preparing for trial;
2. [E]xcessive delay or lack of diligence on the part of the movant;
3. [I]nsufficient explanation of the need for a dismissal; and

5

4. [T]he present stage of litigation, *i.e.*, whether a motion for summary judgment is pending. *Teck Gen. P'ship v. Crown Central Petro. Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998). (citing *Gross v. Spies*, 133 F.3d 914, at *5 (4th Cir. 1998) (table)). This list is not exhaustive, and other factors may be considered as relevant. *Id.* at 991 n.5.

## ARGUMENT

Experian requests dismissal with prejudice of Plaintiffs' claims and the dismissal of the class claims based upon a failure to meet the requirements of Rule 23. Indeed, that is the relief Experian requested two months ago. Plaintiffs refusal to accept the import of *Soutter-Equifax* at that time has prejudiced Experian, forcing it to undertake the time and expense of drafting three separate and substantial pleadings. Experian therefore believes that any dismissal should be on the merits, as explained in its Rule 12(c) motion. In the alternative, the dismissal should be with terms sufficient to mitigate the harm Experian has suffered.

Plaintiffs now realize that *Soutter-Equifax* requires dismissal, but urge the Court to dismiss their case without prejudice rather than adjudicate the merits of Experian's pending motion. Nonetheless, their motion promises that Experian will once again be hauled into court in the future. (*See* Dkt. No. 44 at 5 ("In light of this distinction, Plaintiffs counsel would rationally reevaluate their claims and possibly bring a class action that would include class representatives with claims more in sync with the Fourth Circuit's decision.")).

A merits dismissal would help prevent such vexatious behavior and promote judicial economy by avoiding a third class suit. And, to a lesser extent, imposition of terms pursuant to Rule 41(a)(2) would also deter Plaintiffs' conduct. The harm to Experian can be cured only by (1) dismissal of the class claims for failure to satisfy Rule 23, as set forth in Experian's 12(c) motion, or at least (2) conditioning dismissal on Plaintiffs' payment of fees and costs.

This latter condition is commonly imposed on Rule 41(a)(2) dismissals. *See, e.g.*, *Belle-Midwest Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995) ("In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit."). In fact, many courts—including this one—have held that it is proper to condition a voluntary dismissal upon plaintiff's payment of defendant's costs and attorney's fees.[1]

All four *Teck* factors weigh in favor of imposing some condition—*i.e.*, dismissal on the merits or payment of fees—here. And a fifth factor, unique to the class-action context, reaffirms that such relief is more than appropriate. The Court should either deny Plaintiffs' motion and dismiss the class claims on the merits, or grant Plaintiffs' motion subject to payment of Experian's costs and fees.

### A. Experian Has Devoted Considerable Effort And Expense In Defending This Case And *Soutter-Experian*

In this case, Experian has prepared and filed three twenty-plus page briefs on dispositive motions, urging judgment in its favor. (Dkt. Nos. 25, 35, 37.) It conducted an investigation of its employees to prepare an answer and serve initial disclosures. (Dkt. No. 7; *see* Exh. A.) It

---

[1] *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) ("Typically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees."); *Mort. Guar. Ins. Corp. v. Richard Carlon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) ("Most often, the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant."); *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) ("Fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)."); *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981) ("Attorneys' fees and costs are commonly awarded as one such 'term and condition' for a voluntary dismissal, for those costs were undertaken unnecessarily in such a case."); *Christian Broad. Network, Inc. v. Busch*, No. 2:05-cv-558-RAJ, 2007 BL 245762 (E.D. Va. 2007) (conditioning voluntary dismissal on payment of fees without discussion); *U-Haul Int'l, Inc. v. WhenU.com, Inc.*, 279 F. Supp. 2d 723, 732 (E.D. Va. 2003) (same); *cf. Dean v. Pilgrim's Pride Corp.*, 22 F. App'x 285, 287 (4th Cir. 2001) (affirming condition of voluntarily dismissal that plaintiff pay fees if defendant dismissed from future suit on dispositive motion).

took part in two scheduling conferences and drafted and served interrogatories and requests for production. (*See* Exh. A.)

The burdens this case has imposed on Experian are significantly more than sufficient to justify a voluntary dismissal *with terms*. Indeed, the Fourth Circuit has affirmed the imposition of costs in cases with far less activity. *E.g.*, *S. Ry.v. Chapman*, 235 F.2d 43, 43 (4th Cir. 1956) ("No counterclaim had been asserted in the action, no depositions had been taken, no interrogatories had been filed and nothing else had been done except that a motion for removal to a district in another state had been filed under 28 U.S.C. § 1404."), *cited with approval in Andes*, 788 F.2d at 1086.

*Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797 (E.D. Va. 2003), is the case with the most analogous activity. *See id.* at 800. There, the court concluded "that factor one of the analysis weighs in favor of the defendant" and ultimately denied voluntary dismissal. *Id.* Likewise, here the first *Teck* factor would clearly support denying Plaintiff's motion and dismissing on the merits. Short of that relief, *Shabazz* certainly supports adoption of a less restrictive outcome, *i.e.*, imposing terms on Plaintiffs' dismissal. To compensate Experian for its efforts, the court should at least impose the common condition of dismissal on payment of Experian's fees and costs.

The need for some relief—whether a merits dismissal or a fee award—is magnified by the fact that this is not the first case in which Experian has been forced to defend allegations challenging Experian's reporting of Virginia state court judgments. In *Soutter-Experian*, Experian also incurred the costs of answering the complaint, providing initial disclosures, and negotiating a settlement of the case. *See* Exh. A. Considering that activity here is appropriate in light of the fact that Plaintiff Pumphrey was a member of the alleged *Soutter-Experian* class.

8

### B. Plaintiffs Have Delayed Seeking Dismissal For Two Months, Forcing Experian To Incur Significant Additional Fees And Expense

The Fourth Circuit decided *Soutter-Equifax* on December 3, 2012. Within a week, Experian contacted Plaintiffs, urging them to dismiss their class claims in light of the Fourth Circuit's ruling. (*See* Exh. A.) Plaintiffs refused. Only now, two months later, do Plaintiffs acknowledge that Experian was correct. (Dkt. No. 44 at 5 ("In light of [*Soutter-Equifax's*] distinction, Plaintiffs counsel [sic] would rationally reevaluate their claims and possibly bring a class action that would include class representatives with claims more in sync with the Fourth Circuit's definition."). In the meantime, Experian has been forced to brief its motion to dismiss, a reply, and oppose Plaintiffs' now-withdrawn motion to amend.

Plaintiffs' delay here is drastically more than what this court has relied on to justify the imposition of terms. *Khair v. Countrywide Home Loans*, No. 1:10-cv-410-JCC, 2011 BL 35314 (E.D. Va. Feb. 10, 2011) (granting motion to dismiss, conditioned on payment with fees,[2] where "upon the realization of the deficiencies in the current record, Plaintiffs' new attorney worked with (remarkable) diligence to rectify the situation" by filing a supplemental brief two days later and a motion to dismiss one day after the supplement was denied); *see also, e.g., McCoy v. Delhaize Am., Inc.*, No. 2:12-cv-415-RGD, 2012 BL 267660 (E.D. Va. Oct. 11, 2012) (granting motion to dismiss, subject to terms, where "plaintiff filed her motion for a voluntary dismissal a mere five days after the case was removed").

---

[2] *Khair* does not explicitly condition its grant on the payment of attorney fees. This condition is evident from the next decision in the case, 2011 BL 88234 (E.D. Va. Apr. 1, 2011), where the court "grant[s] fees in the amount of $20,000, to be paid if Plaintiffs bring a new lawsuit against Defendants." *Id.* at *1.

Attached as Exhibit B to this Opposition are all the unpublished cases for which the Opposition cites the Bloomberg Law database (e.g., #### BL #####).

*Khair* and *McCoy* strongly support denial of Plaintiffs' motion. Two months is far more than two or five days; action within two months is not prompt. *Cf. Teck*, 28 F. Supp. 2d at 992 (denying motion to dismiss, noting that "counsel should have promptly moved for a non-prejudicial removal"). At the very least, Experian should be awarded its fees for the two briefs it filed after January 4, when Plaintiffs represented to the Court that they had already considered and responded to the effect of *Soutter-Equifax* on this case. (*See* Dkt. No. 33 at 2, 4; Dkt. No. 31 at 2, 10.) Plaintiffs themselves have conceded that one of these briefs was entirely unnecessary by belatedly withdrawing their motion to amend. (Dkt. No. 45.)

The second brief, moreover, was Experian's reply in support of its motion to dismiss. In light of this fact, the Court should adjudicate Experian's pending motion for dismissal on the merits prior to reaching the instant motion. Otherwise, Experian's effort in connection with that motion, too, will have been entirely unnecessary and should be compensated.

    **C.**    **To The Extent Plaintiffs Explain The Need For Dismissal, They Contradict Their Previous Filings And Simply Highlight The Delay**

Plaintiffs' motion offers two explanations for the delay. Both fail.

*First***,** Plaintiffs state that they "are confident they could be successful at trial" and "the *Soutter*[*-Equifax*] decision does not fatally impact this case." (Dkt. No. 44 at 4-5.)[3] This is not an explanation of the need for dismissal. Indeed, if this were accurate, Plaintiffs should pursue their claims, not throw in the towel.

*Second***,** Plaintiffs attempt to explain the need for dismissal by noting the need to "rationally reevaluate their claims" in light of *Soutter-Equifax*. (Dkt. No. 44 at 5.) Such a

---

[3] In support of these statements, Plaintiffs include a long paragraph regarding law of the case that is word-for-word identical (including inaccurate citations) to the same argument in their opposition to Experian's motion to dismiss. (*See* Dkt. No. 31 at 7.) For the reasons explained in Experian's reply (Dkt. No. 35 at 6-7 & n.2), this argument is simply wrong.

10

reevaluation was indeed necessary, as Experian told Plaintiffs in December. (*See* Exh. A.) But Plaintiffs informed this Court that they had already performed such an evaluation in January, and that they believed their amended complaint responded to the Fourth Circuit's decision. (*E.g.*, Dkt. No. 28 at 4 ("Plaintiffs now seek to amend their Complaint to address the issues addressed in *Soutter*[*-Equifax*].").)

*Shabazz* is again on point. There, the court found that "the plaintiff failed to provide a sufficient explanation of the need for the dismissal" because the motives provided by the plaintiff were "best accomplished by a motion for leave to amend the complaint, not a motion to dismiss." 271 F. Supp. 2d at 800. The same is true here—reevaluating the complaint in light of *Soutter-Equifax* is best accomplished through a motion to amend, *as Plaintiffs' previously recognized by filing such a motion*. A motion to dismiss would be appropriate only if Plaintiffs concluded their claims were untenable. But in such a case, dismissal should be on the merits.

Again, under *Shabazz*, which denied a Rule 41(a)(2) motion, the third *Teck* factor supports dismissing Plaintiff's class claims on the merits of Experian's Rule 12(c) motion. Certainly, a less-restrictive outcome—*i.e.*, the common term requiring payment of fees and expenses—would be appropriate.

### D. Dispositive Motions Are Pending With The Court

The fourth *Teck* factor also supports dismissal on the merits. Plaintiffs' failure here to provide a sufficient explanation of their need for dismissal, *see supra* § C, suggests that their motive is simply to avoid an adverse ruling on Experian's pending motion to dismiss. *See Nesari v. Taylor*, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011) ("The Fourth Circuit has specifically held that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result . . . ." (citing *Skinner v. First Am. Bank of Va.*, 64

F.3d 659, 1995 WL 507264, at *2 (4th Cir. 1995) (table)); *Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir. 1987))). Thus, the fourth *Teck* factor also weighs in favor of dismissing the class claim on the merits.

> E. **Terms Are Especially Necessary Here Because The Mitigation Generally Provided For By The Federal Rules Is Unavailable To Experian**

Despite having already dismissed one case and seeking to dismiss the current case, Plaintiffs' counsel promises to bring another "class action that would include class representatives with claims more in sync with the Fourth Circuit's decision." (Dkt. No. 44 at 4.)

The Supreme Court has noted that Rule 41 was designed to prevent such vexatious conduct. *Cooter & Gell*, 496 U.S. at 376 (noting that the rule "was intended to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure" (internal quotation marks omitted)). And ordinarily, the rule would be sufficient to do so.

Rule 41(a)(1)(B) sets forth a two-dismissal rule, "if the plaintiff previously dismissed any federal- or state-court action based upon or including the same claim, a notice of dismissal operates as an adjudication on the merits." Thus, considering the voluntary dismissal of *Soutter-Experian*, a voluntary dismissal here could ordinarily operate as a bar to future lawsuits. This factor—not to mention judicial economy in avoiding the third suit—weighs in favor of granting Experian's pending Rule 12(c) motion and dismissing on the merits.

Moreover, even if future lawsuits could be filed, Rule 41(d) would ordinarily allow Experian to recover its costs and fees if and when Plaintiffs refiled their complaint. Fed. R. Civ. P. 41(d)(1) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to

12

pay all or part of the costs of that previous action."); *see Andrews v. Am.'s Living Ctrs., LLC*, No. 1:10cv257, 2011 WL 3359921, at *2 (W.D.N.C. Aug. 3, 2011) (costs under Rule 41(d) includes fees), *appeal dismissed*, 2013 BL 2865 (4th Cir. Jan. 4, 2013). Thus, the Court should at least impose the common condition requiring payment of Experian's fees and costs.

As Plaintiff Pumphrey's presence in this case demonstrates, however, the class-action context allows plaintiffs to avoid the literal terms of these rules. Simply by naming different class representatives, Plaintiffs can avoid both Rule 41(a)(1)(B) and Rule 41(d). *See, e.g.*, *Ramirez v.iBasis, Inc.*, No. 08-5125, 2010 WL 64240, at *1 n.1 (E.D.N.Y. Mar. 24, 2010) ("Plaintiff Ramirez, however, is not named as a party in the first action filed by plaintiff's counsel in the California action. Because Rule 41(d) applies only when a 'plaintiff' dismisses an action . . ., the California action is not relevant . . . ."). And this is true even though—as is the case with Plaintiff Pumphrey and was the case with Ramirez—the originally-named plaintiffs remain members of the newly-filed class.

The class-action context creates further prejudice beyond avoiding the literal terms of Rule 41. Specifically, the pendency of a putative class action tolls the statute of limitations for class members. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). And while a voluntary dismissal ordinarily prevents tolling, *Neal v. Xerox Corp.*, 991 F. Supp. 494, 498 (E.D. Va. 1998), *aff'd* 155 F.3d 560 (4th Cir. 1998) (table), it does not bar class-tolling under *American Pipe*. *See, e.g.*, *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 561-62 (7th Cir. 2011); *Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 892-93 & n.12 (E.D. Va. 2010). Only a dismissal on the merits can cure this form of prejudice to Experian.

Since the class-action context denies Experian any of these protections, as discussed above, this Court should either dismiss the class claim on the merits or require Plaintiffs to pay Experian's fees.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that this Court dismiss Plaintiff's class claims on the merits, pursuant to Experian's pending Rule 12(c) motion, or at least grant Plaintiff's motion for voluntary dismissal conditional upon payment of Experian's costs and fees.

Dated: February 14, 2013         **EXPERIAN INFORMATION SOLUTIONS, INC.**

By   */s/ Joseph W. Clark*

Daniel J. McLoon (admitted *pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 243 – 2580
Fax:  (213) 243 – 2539
E-mail: djmcloon@jonesday.com

Joseph W. Clark (VSB No. 42664)
Mark R. Lentz (VSB No. 77755)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
E-mail: jwclark@jonesday.com
E-mail:  mrlentz@jonesday.com

*Attorneys for Experian Information Solutions, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Matthew J. Erausquin
Janelle E. Mason
Casey S. Nash
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7700
Fax: (888) 892-3512
Email: matt@clalegal.com
Email: janelle@clalegal.com
Email: casey@clalegal.com

Leonard A. Bennett
Consumer Litigation Associations, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Tel: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

Susan Mary Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757)930-3662
Email: srotkis@ clalegal.com

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
Tel: (804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

*Counsel for Plaintiffs*
*Gloria Pumphrey and Angalyn Jones*

                                        /s/ Mark R. Lentz
                                        **Mark R. Lentz**